**Francis F. PAUL,**
**Plaintiff/Counterdefendant—Appellant,**

v.

**EASTERN IDAHO REGIONAL**
**MEDICAL CENTER; et al.,**
**Defendants—Appellees,**

and

**Eastern Idaho Regional Medical Center, CounterclaimantAppellee.**

No. 02–35895.

D.C. No. CV–96–00429–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Francis Paul appeals pro se the district court's grant of summary judgment to defendants on Paul's federal claim and to counterclaimant Eastern Idaho Regional Medical Center ("EIRMC") on its counterclaims. Paul also appeals various nondispositive orders. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court granted defendants' motions to strike Paul's untimely responses to their motions for summary judgment.

We review the district court's ruling on a motion to strike for an abuse of discretion. *See El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1038 (9th Cir.2003). Because the district court "considered and rejected" Paul's arguments as to why the court should excuse his failure to meet the filing deadline set by the local rules or the extended deadline set in the court-issued Notice of Past Due Response, striking Paul's responses was not an abuse of discretion. *See id.* at 1041.

Because the district court determined that defendants' motions for summary judgment were supported by their moving papers, the district court did not err by granting the motions. *See Martinez v. Stanford,* 323 F.3d 1178, 1182–83 (9th Cir. 2003) (holding that even where party fails to comply with local rules for responding to motion for summary judgment the moving party is not excused from its "affirmative duty under [Fed.R.Civ.P.] 56 to demonstrate its entitlement to judgment as a matter of law"); *see also Smith v. Ricks,* 31 F.3d 1478, 1485–86 (9th Cir.1994) (setting out standard for rebutting presumption of immunity under the Health Care Quality Improvement Act, 42 U.S.C. § 11112).

Paul contends that the district court erred by granting summary judgment without giving him the opportunity to conduct discovery. We disagree with Paul's characterization of the record. Paul failed to respond to defendants' motions for protective orders from discovery and the magistrate judge was within his discretion in granting the protective order. *See Flatow v. Islamic Republic of Iran,* 308 F.3d 1065, 1074 (9th Cir.2002) (noting that district

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Paul's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court has "extensive control" over discovery process and determination of good cause under Fed.R.Civ.P. 26(c)), *cert. denied,* —— U.S. ——, 123 S.Ct. 1632, 155 L.Ed.2d 485 (2003). The magistrate judge did not abuse his discretion by denying Paul's motion for reconsideration of that order, especially in light of Paul's failure to timely respond to the summary judgment motions. *See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1262–63 (9th Cir.1993) (setting out basis for relief). Finally, because striking Paul's responses to summary judgment was not an abuse of discretion, the district court was not required to consider Paul's argument that he needed to complete discovery in order to respond to the merits of defendants' summary judgment motions. *See Qualls v. Blue Cross of California, Inc.,* 22 F.3d 839, 843–44 (9th Cir.1994).

Paul's contention that the district court abused its discretion by denying his motion to dismiss the counterclaim for lack of prosecution lacks merit. The district court adequately considered all relevant factors. *See Al–Torki v. Kaempen,* 78 F.3d 1381, 1384–85 (9th Cir.1996) (discussing factors). Moreover, the district court expressly limited EIRMC's recovery of interest to three months after the date of the order granting it judgment on the pleadings.

We are unpersuaded by Paul's remaining contentions.

**AFFIRMED.**